ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 2 2014

JAMES N. ~~~~~, Clerk
By: _____
Deputy Clerk

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

| | |
|---|---|
| Daniel Mahoney, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action Case Number: |
| ) | 1:14-cv-01432-CC-GCB |
| ) | |
| Williams & Fudge, Inc., ) | |
| Defendant ) | |

## AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff alleges as follows:

1.  Plaintiff is a natural person residing in Fulton County in the State of Georgia.

2.  Defendant is a South Carolina Corporation whose primary business purpose is the collection of debts owed to third parties.

3.  Defendant uses instrumentalities of interstate commerce and the mails in its debt collection business.

4.  Defendant conducts debt collection business in this District.

5.  Section 623(b) of the Fair Credit Reporting Act, 15 USC 1681 et seq. (the "FCRA"), requires furnishers of information to credit reporting agencies to conduct an investigation upon receiving notice from a credit reporting agency that a consumer disputes the accuracy of any information so furnished.

6. Section 807(8) of the Fair Debt Collection Practices Act, 15 USC 1692 et seq. (the "FDCPA"), prohibits Debt Collectors from "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

7. Defendant is a Debt Collector as defined by the FDCPA.

8. Plaintiff is a Consumer as defined by the FDCPA and FCRA.

9. On April 8, 2014, Plaintiff requested and received a copy of his credit report from Experian (report 1712-8946-46).

10. Experian report 1712-8946-46 contained derogatory information about Plaintiff, namely a record of a collection account furnished by Defendant, allegedly opened in November 2013, reported since January 2014, and last reported March 2013.

11. On April 8, 2014, Plaintiff requested and received a copy of his credit report from Equifax (report 4598467076).

12. Equifax report 4598467076 contained derogatory information about Plaintiff, namely a record of a collection account furnished by Defendant, allegedly assigned in November 2013 and reported in March 2014, with an alleged date of first delinquency in June 2010.

13. On April 8, 2014, Plaintiff requested and received a copy of his credit report from TransUnion (report 3249553344).

14. TransUnion report 3249553344 contained derogatory information about plaintiff, namely a record of a collection account furnished by Defendant, allegedly placed for collection in November 20, 2013, last reported March 4, 2014, with an alleged date of first delinquency in June 2010.

15. Defendant has engaged in debt collection activities regarding a consumer debt allegedly owed by plaintiff.

16. Plaintiff does not owe a debt to Defendant or any of Defendant's clients.

17. Therefore, Defendant reported false information on Plaintiff's credit reports with Experian, Equifax, and TransUnion.

18. Defendant knew or should have known the information furnished to credit reporting agencies regarding Plaintiff was false.

**Violations of the FCRA Section 623(b) (15 USC 1681s-2(b))**

**Count I**

19. On April 8, 2014, Plaintiff filed a dispute with Experian regarding the derogatory information furnished by Defendant.

20. On April 8, 2014, Experian notified Defendant of Plaintiff's dispute.

21. Defendant failed to investigate the dispute in violation of its duties under Section 623(b) of the FCRA.

22. In so doing, Defendant was following its internal policy and/or ordinary practice regarding investigation of disputed information.

23. As such, Defendant's violation of Section 623(b) of the FCRA was willful.

**Count II**

24. On April 8, 2014, Plaintiff filed a dispute with Equifax regarding the derogatory information furnished by Defendant.

25. On April 8, 2014, Equifax notified Defendant of Plaintiff's dispute.

26. Defendant failed to investigate the dispute in violation of its duties under Section 623(b) of the FCRA.

27. In so doing, Defendant was following its internal policy and/or ordinary practice regarding investigation of disputed information.

28. As such, Defendant's violation of Section 623(b) of the FCRA was willful.

**Count III**

29. On April 8, 2014, Plaintiff filed a dispute with TransUnion regarding the derogatory information furnished by Defendant.

30. On April 8, 2014, TransUnion notified Defendant of Plaintiff's dispute.

31. Defendant failed to investigate the dispute in violation of its duties under Section 623(b) of the FCRA.

32. In so doing, Defendant was following its internal policy and/or ordinary practice regarding investigation of disputed information.

33. As such, Defendant's violation of Section 623(b) of the FCRA was willful.

**Violations of the FDCPA Section 807(8) (15 USC 1692e(8))**

**Count IV**

34. In separate instances occurring in January 2014, February 2014, and March 2014, Defendant provided credit information about Plaintiff to Experian that Defendant knew or should have known to be false.

35. Defendant provided this false information to Experian as part of Defendant's efforts to collect an alleged consumer debt from Plaintiff.

**Count V**

36. In separate instances occurring in January 2014, February 2014, and March 2014, Defendant provided credit information about Plaintiff to Equifax that Defendant knew or should have known to be false.

37. Defendant provided this false information to Equifax as part of Defendant's efforts to collect an alleged consumer debt from Plaintiff.

**Count VI**

38. In separate instances occurring in January 2014, February 2014, and March
    2014, Defendant provided credit information about Plaintiff to TransUnion that
    Defendant knew or should have known to be false.

39. Defendant provided this false information to TransUnion as part of Defendant's
    efforts to collect an alleged consumer debt from Plaintiff.

### Damages to Plaintiff

40. On April 4, 2014, Plaintiff applied for a credit line from American Express.

41. On April 4, 2014, American Express provided Plaintiff with an adverse action
    notice based on credit information received from Experian, specifically noting
    the presence of a "derogatory public record or collection filed."

42. Based on the false derogatory information furnished by Defendant to Experian,
    American Express assigned Plaintiff an interest rate of 19.24% for purchases
    and 25.24% for cash advances.

43. Plaintiff will pay incremental interest costs of $15,000.00 due to Defendant's
    violations of the FCRA and FDCPA.

44. In addition, Plaintiff's business activities and banking relationships rely on his
    reputation for trustworthiness and probity.  Defendant's violations of the FCRA

and FDCPA have irreparably harmed Plaintiff's reputation, resulting in financial loss and emotional distress.

## This Court's Power to Grant Relief

45. Each instance in which Defendant is found to have willfully violated Section 623(b) of the FCRA constitutes a separate violation for the purpose of assessing damages.

46. The FCRA authorizes this court to award Plaintiff the greater of actual damages or statutory damages of up to $1,000 per willful violation.

47. Should the Defendant be found to have negligently violated Section 623(b) of the FCRA, the statute authorizes this Court to award Plaintiff's actual damages.

48. Each instance in which Defendant is found to have violated Section 807 of the FDCPA constitutes a separate violation for the purpose of assessing damages.

49. The FDCPA authorizes this court to award Plaintiff statutory damages of up to $1,000 per violation in addition to actual damages.

50. The FCRA, FDCPA, and other authority authorize this Court to award Plaintiff's attorneys' fees.

51. This court is authorized by the FCRA and other authority to award punitive damages and additional equitable relief.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant for each violation of Federal law alleged in this amended complaint; award Plaintiff statutory, actual, and punitive damages; order Defendant to pay the costs of bringing this action, including attorneys' fees; and award Plaintiff such additional equitable relief as the Court may deem just and proper.

Plaintiff DEMANDS A JURY TRIAL.

## Font Certification

Pursuant to Local Rule 7.1D, the undersigned certifies that this complaint has been prepared using Times New Roman 14 point font.

Respectfully submitted this the 22nd day of May 2014.

Daniel Mahoney, pro se
251 Lakeview Avenue, NE
Atlanta, GA 30305
Telephone:  404-439-3186
Email:  danielpmahoney@gmail.com

8

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

Daniel Mahoney,       )
    Plaintiff         )
                     )
                     )    Civil action case number
v.                )    1:14-cv-01432-CC-GCB
                     )
Williams & Fudge, Inc.,  )
    Defendant      )

## CERTIFICATE OF SERVICE

The undersigned certifies that Plaintiff's **AMENDED COMPLAINT** and **DEMAND FOR JURY TRIAL** was served upon Defendant's counsel on this the 22nd day of May, 2014, via U.S. Mail with sufficient postage affixed thereto and addressed as follows:

Jonathan K. Aust and John H. Bedard, Jr.
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D Duluth, GA 30097

Respectfully submitted on this the 22nd day of May, 2014.

Daniel Mahoney, pro se
251 Lakeview Avenue, NE
Atlanta, GA 30305
Telephone: 404-439-3186
Email: danielpmahoney@gmail.com